IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN A. BRICKUS,                          Civ. No. 05-788-HO

        Plaintiff,                    ORDER

   v.

Commissioner of Social Security,

        Defendant.


Plaintiff seeks judicial review of the decision of the Commissioner denying his application for Supplemental Security Income benefits.  For the reasons explained below, the decision of the Commissioner is affirmed.

<u>Discussion</u>

Plaintiff contends that the administrative law judge (ALJ) erred by rejecting his testimony and the opinion of an examining psychologist, and by relying on the testimony of a vocational expert.  The Commissioner contends that the ALJ could reject plaintiff's testimony by referring to affirmative evidence of

malingering.[1]  Plaintiff produced medical evidence of an
impairment reasonably expected to produce symptoms.  The ALJ
could therefore reject plaintiff's symptom testimony only upon
finding affirmative evidence of malingering or stating clear and
convincing reasons.  Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th
Cir. 1996).  Because the ALJ did not find plaintiff to be a
malingerer and the evidence did not require him to do so, the ALJ
had to provide clear and convincing reasons in order to reject
plaintiff's testimony.  Id.  The court holds that the ALJ
provided legitimate, clear and convincing reasons supported by
substantial evidence to reject plaintiff's testimony.

      The ALJ found plaintiff's testimony generally not credible,
and referred to plaintiff's allegations of limitations precluding
basic work activities due to head injury, vertigo, hypertension
and mental impairments with a history of "stress breakdowns."
(Tr. 19).  Plaintiff testified at a November 2004 hearing that he
can stand for 15 or 20 minutes, he suffered an attack of vertigo
in 2002, he has no sitting limitations, his blood pressure is
under control, he has experienced three stress episodes lasting
more than one year beginning in 1992, the episodes were triggered

---

[1]The ALJ referred to statements within an initial mental
health assessment that "[plaintiff] did seem to be focused on the
goal of substantiating his claim for his social security
disability," and "[p]rognosis is guarded to poor given the
longstanding pattern of behavior as well as his possible
secondary gain from presenting in an unfavorable light so that he
may secure Social Security Benefits."  (Tr. 20, 298).

2 - ORDER

by extreme events, such as divorce and being unemployed with a child on the way, he becomes "dysfunctional" during the episodes, he should not have been working as a care provider during one episode, he believes the episode contributed to an accident at work where a television he was moving struck his head, and no episode triggering stressors are present during an average day. (Tr. 332-40).

The ALJ appropriately considered inconsistencies in the testimony and record, including testimony of symptom severity exceeding that documented in the medical evidence. <u>Thomas v. Barnhart</u>, 278 F.3d 978, 958 (9th Cir. 2002); <u>Reddick v. Chater</u>, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ did not misrepresent the record when he wrote "there is no evidence of the use of any medications designed to treat psychiatric or mental symptoms," "the three 'stress breakdowns' occurred when [plaintiff] was using alcohol extensively, as reported by [plaintiff]," plaintiff "testified . . . his blood pressure is currently controlled by medication," "the record reflects work activity after the alleged onset date," plaintiff "testified . . . he is able to read and comprehend," plaintiff "worked only sporadically prior to the alleged onset date, which raises a question as to whether . . . continuing unemployment is due to medical impairments," and "treatment records also reveal [plaintiff] has been focused on the goal of substantiating his claim for Social Security

3 - ORDER

Disability." (Tr. 19-20).

The ALJ also wrote that plaintiff's "allegations as to the intensity, persistence and limiting effects of these symptoms are disproportionate and not supported by the objective medical findings." (Tr. 19). This statement is certainly true with respect to plaintiff's allegations of symptoms associated with physical impairments. Examining psychologist Dr. Christopher Tongue opined that plaintiff is "unlikely to respond appropriately or adapt to changes in a workplace environment" due to disorganized and tangential thought resulting from probable bipolar disorder, rule out schizoaffective disorder and rule out schizotypal personality. (Tr. 236). Dr. Tongue rated plaintiff's global assessment of functioning (GAF)[2] at 45. Dr. Tongue's report is discussed below. To the extent Dr. Tongue's report supports plaintiff's testimony of symptoms attributable to mental impairments, the court nevertheless concludes that the ALJ provided sufficient reasons to find plaintiff incredible, particularly in light of the fact that the ALJ rejected Dr. Tongue's report. See Batson v. Commissioner, 359 F.3d 1190, 1197 (9th Cir. 2004) (applying harmless error analysis to ALJ's credibility determination).

---

[2]See American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision, p. 34, Washington, DC, American Psychiatric Association, 2000.

Dr. Tongue's opinion is contradicted by the opinion of a state agency psychologist, who assessed mild restriction of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties maintaining concentration, persistence and pace, and no episodes of decompensation.  To reject Dr. Tongue's opinion, the ALJ was therefore required to provide specific and legitimate reasons supported by substantial evidence.  Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996).  The ALJ rejected Dr. Tongue's opinion because Dr. Tongue relied heavily on plaintiff's reporting (which the ALJ found incredible), recent treatment records reveal a current GAF score of 65, and Dr. Tongue's report is without substantial support from other evidence.  (Tr. 20-21). The ALJ's reasons are adequate and supported by substantial evidence.  Dr. Tongue formed his conclusion regarding employability from the mental status examination and interview. (Tr. 236).  The court has found that the ALJ permissibly found plaintiff incredible.  As noted by the ALJ in support of his determination of plaintiff's credibility, plaintiff worked as a care provider during the period of alleged disability.  While a therapist's GAF rating and a non-examining agency physician's opinion of employability may not each alone serve as a basis to reject the examining physician's opinion, the ALJ appropriately considered this evidence, along with plaintiff's work activities

and credibility.

Dr. Tongue's report discloses the basis for Dr. Tongue's opinion.  (Tr. 236).  The ALJ therefore did not have to re-contact Dr. Tongue simply because he disagreed with Dr. Tongue's opinion regarding plaintiff's employability, as plaintiff argues. SSR 96-5p.

The ALJ did not have to include limitations from plaintiff's reported hernia in his assessment of plaintiff's residual functional capacity (RFC) because there is no other evidence of this condition.  20 C.F.R. § 416.908.

Plaintiff argues that the vocational expert's testimony has no value because the limitation in the hypothetical question to "simple work involving only 1 to 3 steps" did not adequately capture his memory and concentration difficulties.  Pl's Brief at 15.  "The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999).  The language in the ALJ's hypothetical might not adequately capture a finding that a claimant "often suffered from deficiencies in concentration, persistence or pace," as plaintiff's authority suggests.  See Ramirez v. Barnhart, 372 F.3d 546, 554 (3rd Cir. 2004).  The court holds, however, that the ALJ's language sufficiently addresses the state agency psychologist's assessment, adopted by the ALJ, that plaintiff is moderately

6 - ORDER

limited in the ability to understand, remember and carry out detailed instructions. (Tr. 21, 237-38).

<u>Conclusion</u>

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this ___7th___ day of May, 2006.


___s/ Michael R. Hogan_____
United States District Judge

7 - ORDER